IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-03364-MEH

**THERESA EGAN**, **BRIAN BARKER**, and **SABRINA BUDDEN-WRIGHT**, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

**FASTAFF, LLC** and **U.S. NURSING CORPORATION**,

    Defendants.

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs overcomplicate the very simple issue before this Court. Colorado case law is clear: a plaintiff cannot maintain a claim for fraud if they (1) elect to carry out the agreement (2) after learning the truth regarding the defendants' alleged misrepresentation. Plaintiffs admit that they continued working their assignments *after* learning of their reduced pay rates. ECF 121 at 8 (admitting that "Plaintiffs signed a revised contract or continued to work at the known, lower rate."). Their fraud claims fail.

Plaintiffs misunderstand and misrepresent Colorado law in two ways. First, Plaintiffs argue the Court must consider whether a "reasonable person" would have continued working under the circumstances. No caselaw supports this argument. Second, Plaintiffs argue that ratification requires that Plaintiffs had "full knowledge" of every element of fraud. Again, no caselaw supports this argument. When analyzed under Colorado law, the allegations in the Complaint establish

ratification and waiver as a matter of law. Defendants' Motion for Judgment on the Pleadings should be granted.

I.  THE RULE 12(C) STANDARD MIRRORS THE RULE 12(B) STANDARD.

Plaintiffs suggest that the standard for a Rule 12(c) motion differs from the standard for a Rule 12(b) motion. It does not. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) ("A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6).").[1] Notwithstanding the out-of-circuit rhetoric cited in Plaintiffs' Opposition, the Parties appear to agree on the applicable legal standard. The Parties agree that, when analyzing a motion under Rule 12(c), the Court accepts as true the well-plead allegations in the Complaint and should grant judgment on the pleadings only if the allegations are sufficient to establish an affirmative defense as a matter of law. *Compare* ECF 121 at 5 *with* ECF 120 at 3. Plaintiffs' Complaint alleges the two required elements for ratification, and they have thus plead Defendants' affirmative defense. Judgment on the Pleadings is appropriate.[2]

---

[1] *See also Chavez v. Arizona Auto. Ins. Co.*, No. 17-CV-02572-MEH, 2019 WL 1858974 at *3 (D. Colo. Apr. 25, 2019) ("the standard used for a Rule 12(b)(6) analysis is the same used for a Rule 12(c) analysis); *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004) ("[A] motion for judgment on the pleadings is reviewed… using the same standard of review applicable to a Rule 12(b)(6) motion"); *Goode v. Gaia, Inc.*, 2023 WL 7190732, at *3 (D. Colo. Nov. 1, 2023), report and recommendation adopted sub nom. *Goode v. Zavodnick*, 2024 WL 1509161 (D. Colo. Mar. 29, 2024) ("A Rule 12(b)(6) standard of review applies to Rule 12(c) motions").

[2] The intent of Plaintiffs' footnote 4 (ECF 121 at 5) is unclear. As Plaintiffs appear to admit, Defendants' Rule 12(c) motion is permissible under the rules as it states a legal defense to Plaintiffs' claims. *See e.g Tara Woods Ltd. P'ship v. Fannie Mae*, 731 F. Supp. 2d 1103, 1109 (D. Colo. 2010), aff'd, 566 F. App'x 681 (10th Cir. 2014) (considering defendant's motion to dismiss and motion for judgment on the pleadings); *see also Daniel v. Christian Care Ministry*, Inc., No. 3:21-CV-484-DWD, 2021 WL 4263181, at *2 (S.D. Ill. Sept. 20, 2021) (" Dismissing a case on the basis of an affirmative defense is properly done under Rule 12(c), not Rule 12(b)(6)").

## II. DEFENDANTS DID NOT RAISE THIS ARGUMENT IN THEIR MOTON TO DISMISS.

Plaintiffs misleadingly suggest that Defendants' Motion "double[s] down" on their Motion to Dismiss arguments. ECF 121 at 1. It does not. The Motion to Dismiss considered whether Plaintiffs had adequately alleged (a) misrepresentation and (b) reliance, two elements of their fraud claim. This Motion does not ask the Court to consider the elements of fraud. Pursuant to the doctrine of ratification, Defendants are entitled to judgment even if Plaintiffs can establish all the elements of fraud (including misrepresentation and reliance). Defendants filed their Motion to Dismiss before Answering Plaintiffs' Complaint and asserting affirmative defenses. The Motion to Dismiss therefore did not address ratification. The Motion to Dismiss does not overlap in any way with this Motion, nor does it constrain the Court's analysis here.

## III. THERE IS NO "REASONABLE PERSON" REQUIREMENT.

Plaintiffs' Opposition relies almost entirely on an element of ratification that does not exist. Plaintiffs ask this Court to deny Defendants' Motion because the allegations do not show that they continued working "when a reasonable person under the same or similar circumstances would not have done so." ECF 121 at 7. But there is no "reasonable person" requirement for ratification under Colorado law.

Plaintiffs cite to only one case in support of this theory: *Seller v. Clelland*, 2 Colo. 532, 549 (1875). ECF 121 at 8. *Seller* does not support Plaintiffs' argument. As a threshold, *Seller* was decided 150 years ago, and has never been applied by another court on this issue. Regardless, contrary to Plaintiffs' representation, *Seller* did not impose a "reasonable person" requirement for ratification. The *Seller* court merely found that, given the unique circumstances of that case, the plaintiff did not ratify the fraudulently-induced agreement by continuing performance because it

would have been *physically dangerous* for him to have retreated. *Id.* at 549 (plaintiff was not obligated to return back to the beginning of his 100-mile cattle drive to maintain a claim for fraud because he discovered the truth of defendant's misstatement "in the midst of peril" while crossing the Arkansas River and to retreat back would have been "more dangerous than to advance.").

No court has applied *Seller* in the manner Plaintiffs suggest. Nor have Defendants been able to find a single case applying Plaintiffs' proposed "reasonable person" requirement to ratification. To the contrary, every court to consider the affirmative defense has applied the same two elements that Defendants set forth in their Motion: (a) continued performance, (b) after knowledge of the truth of the misstatement."[3]

Plaintiffs' citation to the Model Jury Instructions does not salvage their argument. EFC 121 at 8-9. "[P]attern jury instructions are not law, not authoritative, and not binding on this court." *Krueger v. Ary*, 205 P.3d 1150, 1154 (Colo. 2009). Pattern jury instructions instead act as a guide and "must be tailored, where necessary, to fit the evidence presented in a particular case." *People v. Richards*, 795 P.2d 1343, 1346 (Colo. App. 1989); s*ee also Aves By & Through Aves v. Shah*,

---

[3] *Holland Furnace Co. v. Robson*, 157 Colo. 347, 351, 402 P.2d 628, 630–31 (1965) ("The general rule is that to sustain the defense of ratification against the charge of fraud in the inducement it must appear that the defrauded party, with full knowledge of the truth respecting the false representations, elected to continue to carry out the agreement." No mention of reasonableness); *Tisdel v. Cent. Sav. Bank & Tr. Co.*, 90 Colo. 114, 130, 6 P.2d 912, 918 (1931) ("If one elects to affirm the agreement, after full knowledge of the truth respecting the false and fraudulent representations, and thereafter continues to carry it out and receive its benefits, he may not thereafter maintain an action in damages for deceit, because this would constitute a ratification of the agreement and a condonation of the fraud; otherwise one might, with knowledge of fraud, speculate upon the advantages or disadvantages of an agreement, receive its benefits, and thereafter repudiate all its obligations." No mention of reasonableness); *In re Donnell*, 479 B.R. 592, 597 (D. Colo. 2012) (same); *Bendinelli v. Metro. Prop. & Cas. Ins. Co*., 2018 WL 11025412, at *12 (D. Colo. July 23, 2018) (same).

997 F.2d 762, 766 (10th Cir. 1993) (reminding counsel "Counsel must exercise caution when using pattern jury instructions, as few pattern jury instructions are intended to be copied verbatim in every case."). There is no "reasonable person" requirement to establish ratification. Plaintiffs' recitation of the law is inaccurate, and its arguments on this issue are not relevant.

      A.      <u>Plaintiffs' "Reasonable Person" Arguments Are Not Relevant</u>

The remainder of Plaintiffs' arguments on this issue are difficult to parse. *See* ECF 121 at 14-17. Because there is no "reasonable person" requirement for ratification, Plaintiffs' arguments that they had "no real choice" but to sign revised agreements and/or continue working are not relevant. *See* ECF 121 at 13 ("Plaintiffs' allegations show that a reasonable person in similar circumstances would have continued working as Plaintiffs' did" because "Plaintiffs allege that they were coerced into signing revised agreements").

Nor is plaintiffs' suggestion of coercion relevant or determinative here. Coercion/economic duress is a legal claim, not a factual allegation. Plaintiffs have not alleged economic duress. Even if they had, it would not salvage their fraud claim (*see supra*) and, regardless, it would fail for the same reasons. *See Vail/Arrowhead, Inc. v. Dist. Ct. for the Fifth Jud. Dist., Eagle Cnty.*, 954 P.2d 608, 613 (Colo. 1998) ( "An improper threat does not constitute economic duress if the victim fails to pursue a reasonable alternative but instead yields to the threat"); *Miller v. Davis' Est.*, 52 Colo. 485, 494, 122 P. 793, 796 (1912) ("A contract obtained under duress is ratified by accepting the benefits growing out of it, or by silence or acquiescence for any considerable length of time after opportunity is afforded to avoid or have it annulled."). Plaintiffs' allegation of duress therefore does not impact the Court's analysis.

Plaintiffs' argument that the revised agreements may not have been enforceable is likewise puzzling. It is unclear how this claim addresses any element of ratification. Plaintiffs admit that "**after receiving notice** of Fastaff's take-it-or-leave-it demand to accept reduced pay, **they continued to perform** under their original contract, and their pay was cut." ECF 121 at 14 (emphasis added). Plaintiffs admit the elements of ratification.[4]

## IV. COLORADO LAW DOES NOT REQUIRE FULL KNOWLEDGE OF ALL ELEMENTS OF FRAUD.

Ratification requires that the Plaintiffs continued working "with full knowledge of the truth regarding the **false representation**." *In re Donnell*, 479 B.R. 592, 597 (D. Colo. 2012) (emphasis added). Plaintiffs' Complaint alleges that "Fastaff made material misrepresentations of fact as true to Plaintiffs' and class members about their **pay rates** and **total compensation** that were false or misleading." ECF 112 ¶123 (emphasis added). Plaintiffs admit that they had knowledge of their revised pay rates and lowered total compensation before they signed their revised agreements and/or continued working. ECF 121 at 8; ECF 112 ¶¶ 52-53, 60, 67, 69. These allegations establish ratification as a matter of law.

Plaintiffs artificially expand these requirements, arguing (without citation) "although Plaintiffs were told that their rates were being cut and what the reduced rates would be," they did not have "full knowledge" because they did not know "the truth of the fraud." ECF 121 at 2. But

---

[4] Notwithstanding that Plaintiffs' argument is not tied to ratification, it is also incorrect to the extent Plaintiffs suggest that an unsigned employment agreement is not enforceable. *See e.g. E-21 Eng'g, Inc. v. Steve Stock & Assocs., Inc.*, 252 P.3d 36, 39 (Colo. App. 2010)("[C]ommon law contract principles allow for the formation of contracts without the signatures of the parties bound by them.") (*citing Yaekle v. Andrews*, 195 P.3d 1101, 1107 (Colo.2008)).

there is no requirement that a plaintiff must know every element of a claim of fraud to have ratified the agreement. And Plaintiffs cite to no case law in support of this contention.

Plaintiffs' arguments are aimed at elements of fraud that are not at issue here. The elements of fraud are: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) reasonable reliance; and (5) damage. *Nelson v. Gas Rsch. Inst.*, 121 P.3d 340, 343 (Colo. App. 2005). Plaintiffs argue that they lacked "full knowledge" because their Complaint alleges "that Fastaff knew, at the time it entered into its Assignment Agreement Letters ("AALs") with Plaintiffs, that it had 'a pattern of reducing its travel employees' pay once they had already begun or prepared to begin an assignment, but withheld this information from' from them." ECF 121 at 10 (emphasis added). But *Defendants'* alleged "knowledge of falsity" is a separate element of fraud, and it is not relevant to ratification. Colorado precedent uniformly instructs that ratification requires that the plaintiff have "full knowledge of the truth respecting the **false representations**." *See e.g. Bendinelli v. Metro. Prop. & Cas. Ins. Co.*, 2018 WL 11025412 at *12. Plaintiffs have not cited any case law suggesting that the plaintiff must have also had full knowledge of other elements of fraud. Plaintiffs admit that they knew the truth about their pay rates when they continued working. They have thus alleged the requisite facts for ratification.

To the extent that Plaintiffs rely on this Court's Order on Defendants' Motion to Dismiss, that argument attacks a strawman. That Motion—and the Court's Order—addressed different legal issues than the legal issue presented here. Plaintiffs' Opposition cherry-picks quotations from the Court's Order and presents them out of context. The Court did not consider ratification in its Order, it did not have the benefit of any briefing on this issue, nor are its statements indicative of a ruling on this issue. The Court's Order in no way impacts or constrains its analysis here.

## V. THERE IS NO "ADDITIONAL CATEGORY OF FRAUD."

Plaintiffs' claim that they alleged an "additional category of fraud" is without legal or factual support. Plaintiffs allege one claim for fraudulent inducement and one claim for fraudulent concealment. ECF 121 ¶¶ 122-133. Both claims are premised on the same alleged misstatement—about pay rates and total compensation. ECF 121 ¶¶ 123, 130. Nothing in the Complaint suggests that Plaintiffs intended to or did plead an "additional category of fraud" based on Defendants' alleged justification for the rate change. The Plaintiffs do not address this allegation in either fraud claim. ECF 121 ¶¶ 122-133. Plaintiffs cannot simply invent a new fraud claim to avoid dismissal.[5]

## VI. THERE ARE NO FACT QUESTIONS.

Ratification is simple. Did the Plaintiffs (a) continue working (b) after learning of their amended rate. The Complaint establishes both (a) and (b) unequivocally. Here, Plaintiffs have not disputed that they continued working after learning of their reduced rate. Nor have they cited to any case law establishing that any other evidence is necessary for or relevant to a finding of ratification. Discovery is not necessary. Plaintiffs' Complaint establishes ratification as a matter of law. Judgement on the Pleadings is appropriate. *See Aberkalns v. Blake*, 633 F. Supp. 2d 1231, 1233 (D. Colo. 2009) ("Rule 12(c) motions serve a particularly useful purpose if [an affirmative defense] would bar a party's claims and result in dismissal of the entire controversy as a matter of law"); *MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co.*, 2023 WL 5955456, at *2 (S.D. Fla. Sept. 6, 2023) (Motions for Judgment on the Pleadings "can address built in defenses (like statute of

---

[5] The materiality case law cited on ECF 121 at 13 is irrelevant because it considers whether the misstatement *that forms the basis of the fraud claim is material*. Here, Plaintiffs have not plead a fraud claim premise on the alleged statement that the rate reductions were required by the hospital.

limitations or waiver defenses) that stem from the truthful and uncontestable factual allegations in a defendant's affirmative defenses.").

## VII. CONCLUSION

The Complaint alleges that Plaintiffs Egan, Barker, and Berdoll each knew that their hourly rate would be reduced before they continued working at the reduced rate. By agreeing to and continuing to work after gaining knowledge of the truth regarding Defendants' alleged misrepresentation, Plaintiffs waived their claim for fraud. Plaintiffs' claims for Fraudulent Inducement and Fraudulent Concealment fail as a matter of law.[6]

Respectfully submitted, this 5th day of August, 2024.

/s/ Mairead Dolan
Bronwyn H. Pepple
Mairead Dolan
WILLIAMS WEESE PEPPLE & FERGUSON P.C.
1801 California Street, Suite 3400
Denver, CO 80202
Telephone: (303) 861-2828
Email: bpepple@williamsweese.com
      mdolan@williamsweese.com

*Attorneys for Defendants Fastaff, LLC and U.S. Nursing Corporation*

---

[6] Plaintiffs' Opposition suggests that Defendants violated D.C.COLO.LCivR 7.1(a) because Defendants did not confer with Plaintiffs before filing their Motion. This is incorrect. D.C.COLO.LCivR 7.1(b) provides an "Exception[] to the Duty to Confer" for "a motion under Fed. R. Civ. P. 12." Defendants' Motion complies with the Local Rules.

# CERTIFICATE OF SERVICE

      I hereby certify that on this August 5, 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to the following counsel of record via email:

George A. Hanson
Alexander T. Ricke
Crystal Cook Leftridge
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Email: hanson@stuevesiegel.com
        ricke@stuevesiegel.com
        cook@stuevesiegel.com

*Attorneys for Plaintiffs and the Putative Class and Collective*

                                       */s/ Patricia Krakowski*
                                      WILLIAMS WEESE PEPPLE & FERGUSON P.C.